# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE

| | |
|---|---|
| AMERICAN HONDA MOTOR CO., INC., ) ) ) Plaintiff, ) ) v. ) ) AMPLIFIER ADVERTISING, LLC, ) GUNNAR T. ENG, ) and ) TIMOTHY J. BEST, ) ) Defendant. ) | No.: 3:09-cv-01090 Judge John T. Nixon Magistrate Judge John S. Bryant |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1)b.2, this Order has been entered by the agreement of all parties hereto.

1. **Status of Service of Process.** Defendants have been served with process.

2. **Responsive Pleadings/Motions to Amend.** Defendants filed a motion to dismiss on December 9, 2009. The Plaintiff responded to the motion to dismiss on December 23, 2009.

Any motion to amend the pleadings must be filed by no later than15 days following completion of fact discovery. Nothing contained in this case management order shall affect the right of any party to oppose a motion to amend the pleadings or to add additional parties, on any and all applicable grounds

3. **Jurisdiction.** The parties agree that this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

4. **Prospects for Settlement.** Not yet known as there have been no discussions concerning settlement.

5. **Plaintiff's Theories and Claims.**

425986-2

Plaintiff seeks to recover moneys taken under false pretenses and wrongfully misappropriated by Defendants Amplifier Advertising, LLC ("Amplifier"), Gunnar T. Eng ("Eng"), and Timothy J. Best ("Best"). Plaintiff entered into an agency contract with Amplifier, which was owned and controlled by Eng and Best. Pursuant to the agency contract, Plaintiff delivered $1,484,138.00 to Amplifier, which was supposed to be used by Amplifier to purchase space in print media and air time in broadcast media for use in advertising products produced by Plaintiff. However, instead of purchasing the advertising space and air time as required by the contract, Amplifier, Eng, and Best intentionally and fraudulently diverted the money to other purposes for their own benefit. Defendants accepted the payments from Plaintiff, but never intended to use the funds as required by the agency contract. Instead, Defendants accepted the payments with the intention of diverting the funds for purposes other than those allowed by the contract. In addition, Plaintiff paid Amplifier $40,000.00 in commissions as compensation for services supposedly rendered by Amplifier in booking advertising for Plaintiff. Defendants accepted the $40,000.00 under false pretenses, while never intending to perform the services required by the agency contract.

In committing the acts described above, the Defendants deliberately, willfully, and intentionally deceived and defrauded Plaintiff, breached their fiduciary duty to Plaintiff, and converted Plaintiff's funds. The above-described actions by Amplifier also constitute a breach of the agency contract. Defendants are liable to Plaintiff for return of the $1,524,138.00 paid by Plaintiff, plus punitive damages in the amount of $5,000,000.00, plus pre-judgment interest.

In addition, Plaintiff has been contacted by a number of media providers who ran ads for Plaintiff, but were never paid by Defendants. Defendants are also liable to Plaintiff for any and all sums Plaintiff is forced to expend to deal with such claims, including but not limited to all sums Plaintiff may be required to pay to such media providers.

**6.     Defendants' Theories and Defenses.**  Defendant Amplifier entered into a contractual relationship with the Plaintiff under which Amplifier provided advertising services to Plaintiff. Amplifier ceased business operations in 2009. All actions taken in conjunction with and for the purpose of closing its business were performed properly. At no point during the parties' contractual relationship did Amplifier's actions constitute a breach of contract. Additionally, the individually named Defendants, Gunnar T. Eng and Timothy J. Best, were not parties to the contract at issue and thus cannot be liable for any alleged contract breach. The Plaintiff has not sustained damages related to the alleged contractual breach but rather asserts speculative damages. The Plaintiff has a duty to mitigate damages.

The Defendants deny that they engaged in any fraudulent activity. As more fully set forth in their Memorandum in Support of Defendants' Motion to Dismiss, Defendants maintain that Plaintiff has failed to plead the facts in its Complaint with sufficient specificity and has thus prevented Defendants from adequately preparing any defenses or legal theories as to the alleged fraud.

The Defendants have filed a motion to continue the initial case management conference pending a resolution of the motion to dismiss. Defendants' position is that all discovery in this case should be stayed until the Court resolves the pending motion, but in order to comply with local rules, submits with the Plaintiff the deadlines and scheduling proposed herein.

**7.     Initial Disclosures.**  The deadline by which both parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) is February 1, 2010.

**8.     Discovery Procedures and Deadlines.**

**(a)     Fact Discovery.**  The deadline for completion of fact discovery shall be <u>May 10, 2010</u>; written discovery shall be served so that responses are due by that deadline, and depositions

of fact witnesses will be completed by that deadline. Any motion related to discovery shall be filed by June 9, 2010.

**(b)** **Expert Discovery and Testimony.** By May 24, 2010, Plaintiff shall declare to the Defendant (not file with the Court) the identity of its expert witnesses and provide all information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. By June 23, 2010, Defendants shall declare to the Plaintiffs (not file with the Court) the identity of their expert witnesses and provide all information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Expert depositions shall be concluded by July 23, 2009. Any supplement to an expert report shall be served no later than July 31, 2010. There shall not be any rebuttal expert witnesses. Local Rule 39.01(c)(6) shall apply in this action, and the parties shall strictly comply with it.

The parties may serve discovery demands and discovery responses via telecopier and electronic mail, instead of or in addition to other forms of delivery permitted by the Federal Rules of Civil Procedure. There is no need for changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

9. **Dispositive Motions Deadline.** All dispositive motions shall be filed no later than September 15, 2010. The response shall be filed within 28 days of the filing of the motion. A reply, limited to 5 pages, shall be filed within 14 days after the filing of the reponse.

10. **Requests for Admission.** The deadline for a party to serve requests for admission is two months before the scheduled trial date.

11. **Trial Date.** Jury trial is set to begin on February 8, 2011, at 9:00 a.m. before Senior Judge Nixon. A pretrial confererence shall be held on January 28, 2011, at 10:00 a.m. Trial is expected to take no longer than three days. Judge Nixon will issue a separate order setting forth his requirements for both the trial and pretrial conference.

12. Follow-up Case Management Conference. A follow-up case management conference by telephone is scheduled for May 17, 2010, at 1:30 p.m. Counsel for plaintiff shall initiate this call.

Entered this 13th day of January, 2010.

                                        ***s/ John S. Bryant***
                                        U.S. Magistrate Judge

APPROVED FOR ENTRY:


/s/ M. Edward Owens, Jr.
M. Edward Owens, Jr. (BPR #007159)
LEWIS, KING, KRIEG & WALDROP, P.C.
One Centre Square
620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee 37901
(865) 546-4646-Telephone
(865) 523-6529- Facsimile
eowens@lewisking.com
Attorneys for Plaintiff


/s/ David P. Cañas
David P. Cañas (BPR #016623)
HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
(615) 256-0500 - Telephone
(615) 251-1058 - Facsimile
dpc@h3gm.com
Attorneys for Defendants